1
2
3
4
5
6

Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdalton.law
Tel. (337) 371-0375

7

ATTORNEY FOR PLAINTIFFS

8

**UNITED STATES DISTRICT COURT FOR THE**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

9
10

| | | |
|---|---|---|
| **JULIE A. LOPEZ AND** | § | **CIVIL ACTION NO:** |
| **SALVADOR LOPEZ** | § | |
| | § | |
| *Plaintiff*s | § | |
| **v.** | § | |
| | § | |
| **FOREST RIVER, INC.;** | § | |
| **GIANT INLAND EMPIRE RV** | § | |
| **CENTER, INC. AND** | § | |
| **BANK OF THE WEST** | § | |
| | § | |
| *Defendants* | § | **JURY TRIAL REQUESTED** |

**COMPLAINT**

**I.   Parties**

1.      Plaintiffs, JULIE A. LOPEZ and SALVADOR LOPEZ, are individuals that are now

and have been at all times a citizens of the state of California.

2.      Defendant, FOREST RIVER, INC., hereinafter "FOREST RIVER,"is an Indiana

corporation with its principal place of business located in Indiana and a citizen of Indiana and is a

warrantor of the recreational vehicle that Plaintiff purchased and is a merchant in goods of the kind

involved in this case.

FOREST RIVER's agent for service of process is CT Corporation System, 150 West Market Street, Suite 800, Indianapolis, IN, 46204.

3.     Defendant, GIANT INLAND EMPIRE RV CENTER, INC., hereinafter "GIANT RV," is a California citizen and corporation authorized to do and doing business in the State of California with its principal place of business located in California at 9150 Benson Ave Montclair, CA 91763 and is the seller of a recreational vehicle that Plaintiffs purchased and is a merchant in goods of the kind  involved in this case.

GIANT RV is authorized to do and doing business in the State of California and its agent for service of process is Michael F Klein, 225 Broadway Ste 1900, San Diego, CA  92101.

4.     Defendant, BANK OF THE WEST, hereinafter "BANK OF THE WEST," is a California financial institution and citizen of California and is authorized to do and doing business in the state of California whose agent for service of process is BANK OF THE WEST, C T Corporation System, 330 N Brand Blvd Ste 700, Glendale, CA 91203**.**

## II.    Jurisdiction

5.     This court has jurisdiction over this lawsuit because the suit arises under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d).

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

## III.    Venue

6.     Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant,

GIANT RV, is located in San Bernardino County, California and subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

### IV.    Conditions Precedent

7.      All conditions precedents have been performed or have occurred.

### V.    Facts

#### A.    The Transaction

8.      On or about July 24, 2021, Plaintiff purchased a new 2021 FOREST RIVER SIERRA bearing VIN: 4X4FSEK21MJ050366, hereinafter "SIERRA," from GIANT RV.

The "SIERRA" was purchased primarily for Plaintiff' personal use.   The sales contract was presented to Plaintiff at the dealership and was executed at the dealership.

9.      The sales price of the SIERRA was $65,998.00. Civil or Punitive penalties for breach of warranty are recoverable under the Warranty Act, if they are recoverable for breach of warranty under the applicable state law.   See ***Hughes v. Segal Enterprises, Inc.***, **627 F. Supp. 1231, 1238 (W.D. Ark. 1986);** ***Chariton Vet Supply, Inc. v. Moberly Motors Co.***, **2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).**

10.     The contract of sale was assigned to Defendant, BANK OF THE WEST.   The contract which was assigned contained the following provision:

> **"NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."**

**B.    Implied Warranties**

11.    As a result of the sale of the SIERRA by Defendants to Plaintiff, an implied warranty of merchantability arose in the transaction which included the guarantee that the SIERRA would pass without objection in the trade under the contract description, and that the SIERRA was fit for the ordinary purpose for which such motor vehicles are purchased.

12.    Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendants. Specifically, the Defendants impliedly warranted that the repair work had been performed in a good and workmanlike manner.

**C.    Express Warranties**

13.    In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the SIERRA, occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the SIERRA had, in fact, repaired the defects.

14.    Plaintiffs' purchase of the SIERRA was accompanied by express warranties offered by the Defendants, FOREST RIVER, and extending to Plaintiffs. These warranties were part of the basis of the bargain of Plaintiffs' contract for purchase of the SIERRA.

15.    The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the FOREST RIVER's warranty booklet and owners manual. Also, the Defendant, FOREST RIVER, continued to agree to extended its express warranty with the Plaintiff to cover defects that were discovered and tendered

1   for repairs during the original factory warranty.

**D.   Actionable Conduct**

16.    In fact, when delivered, the SIERRA was defective in materials and workmanship, with such defects being discovered within the warranty periods.  Many defective conditions have occurred since purchase, including, but not limited to:

> **A.   CONTINUOUS ELECTRICAL PROBLEMS, TRAILER BRAKES ARE NOT WORKING, FLOORING IS COMING UP AGAIN.**

> **B.   HANDLES FOR SEWAGE DISPOSAL ARE BROKEN AND OTHER MISCELLANEOUS THINGS.;**

> **C.   ANY OTHER DEFECTS OR NON-CONFORMITIES OUTLINED IN THE REPAIR ORDERS.**

> **THE SIERRA HAS BEEN OUT OF SERVICE FOR OVER 200 DAYS.**

17.    Since  purchase, Plaintiffs has returned their SIERRA to the Defendants and its authorized warranty service dealers for repairs on numerous occasions.  Despite this prolonged period during which Defendants were given the opportunity to repair the SIERRA, the more significant and dangerous defects were not repaired.  Defendants failed to repair the subject vehicle so as to bring it into conformity with the warranties set forth herein.  From the date of its purchase, the SIERRA, continues to this day to exhibit some or all of the non-conformities and/or defects described herein.

18.    The defects experienced by Plaintiffs with the SIERRA substantially impaired its use, value and safety.

19.     Plaintiffs directly notified the Defendants of the defective conditions of the SIERRA

on numerous occasions.  Plaintiffs notified Defendants, FOREST RIVER and GIANT RV, that they

wanted a rescission of the sale of the SIERRA but the Defendants have failed and refused to buy

back Plaintiffs' defective SIERRA.

### VI.    Causes of Action

**COUNT 1:  VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT, CIVIL CODE SECTION 1790 ET SEQ.**

20.     Plaintiffs re-allege and incorporate by reference as though fully set forth herein each

and every allegation contained in the preceding paragraphs.

21.     The SIERRA is a consumer good as defined under the Song-Beverly Consumer

Warranty Act.

22.     Plaintiffs are"purchasers" of consumer goods as defined under the Song-Beverly

Consumer Warranty Act.

23.     Defendant, FOREST RIVER, is a "manufacturer" and "distributor" as defined under

the Song-Beverly Consumer Warranty Act.

24.     The sale of the vehicle to Plaintiffs were accompanied by an express written warranty.

25.     The serious non-conformities have manifested themselves within the applicable

express warranty period. The non-conformities substantially impair the use, value and or safety of

the vehicle and or can cause serious bodily injury or death.

26.     Plaintiffs brought their SIERRA to GIANT RV, an authorized repair facility, for

repairs on numerous occasions in attempts to have the existing express warranties satisfied.

27.     Defendants have not repaired the non-conformities after a reasonable number of

attempts and, as such, have failed to comply with and have breached all applicable warranty

1   requirements.

2       28.    Further, the sale of the SIERRA to Plaintiffs were accompanied by implied warranties

3

4   that the vehicle was merchantable and fit for a particular use.

5       29.    Defendants have breached the implied warranties of merchantability and fitness for

6   a particular use because the vehicle when sold would not pass without objection in the trade.

7       30.    Despite their breach of the express and implied warranties, Defendants have refused

8

9   Plaintiffs' demand for a refund or replacement.

10      31.    By failure of Defendants to remedy the defects as alleged above, or to issue a refund

11  or replacement, Defendants are in breach of their obligations under the Song-Beverly Consumer

12

13  Warranty Act.

14      32.    Defendants' continuing breach of their obligations as set forth herein is willful

15  pursuant to the Song-Beverly Consumer Warranty Act and as such, Defendants and each of them are

16  liable to Plaintiffs for civil penalties in an amount as set forth below.

17

18      33.    Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and

19  expenses, including attorney's fees, if Plaintiffs prevails.  As a proximate result of Defendants'

20  misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the

21  agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the

22

23  legal services of Richard C. Dalton.  Plaintiffs has incurred and continue to incur legal fees, costs

24  and expenses in connection therewith.

25      **COUNT 2:    VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

26      34.    Plaintiffs re-allege and incorporate by reference as though fully set forth herein each

27

28  and every allegation contained in the preceding paragraphs.

35.     Plaintiffs are "consumers" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

36.     Defendants, FOREST RIVER and GIANT RV, are "suppliers" and "warrantors" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

37.     The SIERRA is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiffs in fact purchased it wholly or primarily for personal use.

38.     The express warranties more fully described herein above pertaining to the SIERRA, is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

39.     The actions of the Defendants as herein above described, in failing to tender the SIERRA to Plaintiffs free of defects and/or refusing to repair and/or replace the defective SIERRA tendered to Plaintiffs constitute a breach of the written and implied warranties covering the SIERRA and hence a violation of the Magnuson-Moss Warranty Act.

40.     Plaintiffs have performed all things agreed to and required of them under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendants as herein alleged.

41.     As a direct and proximate result of the acts and omissions of Defendants and each of them as set forth herein above, Plaintiffs have been damaged herein above in an amount in excess of $300,000.00 according to proof at trial.

41.     Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.  As a proximate result of the misconduct of Defendants as alleged

herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton.  Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

### COUNT 3: LENDER LIABILITY

42.  Plaintiffs re-allege and incorporate by reference herein each and every allegation set forth in the preceding paragraphs.

43.  Plaintiffs are indebted to BANK OF THE WEST as a result of their purchase of the SIERRA.  Plaintiffs are entitled to assert all claims and defenses stated above against BANK OF THE WEST as a defense to the debt.

### COUNT 4:    BREACH OF EXPRESS WARRANTIES

44.  Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

45.  Th Defendants' advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that Plaintiffs' SIERRA or those similarly situated were free from inherent risk of failure or latent defects.  In addition, the Defendants issued an expressed written warranty which covered the SIERRA and warranted that the SIERRA, was free of defects in materials and work quality at the time of delivery.

46.  As alleged above, the Defendants breached its warranties by offering for sale and selling as safe to Plaintiffs a SIERRA that was latently defective, unsafe, and likely to cause economic loss to Plaintiffs.

47.  In breach of the foregoing warranties, the Defendants have failed to correct said

defects.

48.     The damages Plaintiffs have suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

### COUNT 5:     BREACH OF IMPLIED WARRANTIES

49.     Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

50.     The Defendants impliedly warranted that Plaintiffs' SIERRA which it designed, manufactured, and sold, were merchantable and fit and safe for their ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

51.     Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendants is unreasonable and unconscionable and void under the principles of estoppel, because Defendants knew the defects existed and might not be discovered, if at all, until the SIERRA, had been driven for a period longer than the period of the written warranty, and Defendants willfully withheld information about the defects from Plaintiffs.

52.     Because of the defects, Plaintiffs' SIERRA is unsafe and unfit for use and has caused economic loss to the Plaintiffs.    Therefore, the Defendants breached the implied warranty of merchantability.

53.     The damages Plaintiffs have suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages;

1  loss of use; damages; and attorney fees.

2

**COUNT 6:   NEGLIGENCE AND NEGLIGENT MISREPRESENTATION**

3

4  54.      Plaintiffs re-allege and incorporate by reference herein each and every allegation set

5  forth in the preceding paragraphs.

6  55.      The Defendants had a duty to Plaintiffs to provide a product reasonably safe in design

7  and manufacture, warn of dangerous defects, disclose adverse material facts when making

8

9  representations of fact to Plaintiffs and correct products which are defective.

10  56.      The Defendants breached their duty of reasonably care and duty to disclose material

11  adverse facts to Plaintiffs by the following acts and omissions:

12

13  a.      Failure to design and manufacture a SIERRA that did not harbor the defects alleged herein;

14

15  b.      Failure to notify Plaintiffs of the dangerous and defective condition of the SIERRA when Defendants knew or should have known of the dangerous and defective condition;

16

17  c.      Failure to fulfill its duty to disclose the material adverse facts as set forth above and otherwise failing to exercise due care under the circumstances; and

18

19  d.      Failure to repair the SIERRA in accordance with the express and implied warranties.

20

21  57.      The damages Plaintiffs have suffered are a direct and proximate result of Defendants'

22  actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of

23  repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages;

24  loss of use; damages; and attorney fees.

25

**COUNT 7:   BREACH OF CONTRACT**

26

27  58.      Plaintiffs re-allege and incorporate s herein by reference each and every allegation

28

1    set forth in the preceding paragraphs.

2
     59.     Plaintiffs would show that the actions and/or omissions of Defendants described
3

4    herein above constitute breach of the sales contract, which proximately caused the direct and

5    consequential damages to Plaintiffs described herein below, and for which Plaintiffs hereby sues.

6    60.     The damages Plaintiffs have suffered are a direct and proximate result of Defendants'

7
     actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of
8

9    repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages;

10   loss of use; damages; and attorney fees.

11                          **COUNT 8:    NEGLIGENT REPAIR**

12
     61.     Plaintiffs re-allege and incorporate  herein by reference each and every allegation set
13

14   forth in the preceding paragraphs.

15   62.     On numerous occasions, Plaintiffs delivered the SIERRA to Defendants for repairs

16   of the defective conditions covered under the express and implied warranties set forth hereinabove.

17
     63.     On each occasion that Plaintiffs returned the SIERRA  for repairs, Plaintiffs are
18

19   informed and believe, and thereupon allege, that Defendants attempted repairs of the SIERRA

20   pursuant to their obligations under the express and implied warranties. Defendants owed a duty of

21   care to Plaintiffs to perform repairs on the SIERRA  in a good and workmanlike manner within a

22
     reasonable time.  These Defendants breached this duty.
23

24   64.     Defendants' attempted repairs of Plaintiffs' SIERRA  were done so negligently,

25   carelessly, and recklessly as to substantially impair the SIERRA 's use, value, and safety in its

26   operation and use.  At no repair attempt was Plaintiffs' SIERRA  fully and completely repaired by

27
     Defendants, nor were many of the conditions of which Plaintiffs complained fixed or significantly
28

improved by Defendants' attempts at repair.  Nonetheless, each time Plaintiffs picked up the vehicle after Defendants' repair attempts, Defendants represented to Plaintiffs that the repairs were complete, and Plaintiffs relied thereon.

65.     As a direct and proximate result of Defendants' negligent failure to repair the SIERRA within a reasonable time or within a reasonable number of attempts, Plaintiffs were forced to drive a defective and dangerous SIERRA  in conducting their daily activities.  As a further direct and proximate result of Defendants' failure to repair the SIERRA  in a timely and workmanlike fashion, Plaintiffs were forced repeatedly to take the SIERRA  in for further repair attempts and to leave the SIERRA  for long periods of time at great inconvenience to themselves, and Plaintiffs sustained actual damages.

66.     The damages Plaintiffs have suffered are a direct and proximate result of Defendants' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; attorney fees and damages to Plaintiffs' health and well-being in the form of emotional distress.

## VII.     Economic and Actual Damages

67.     Plaintiffs sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described herein above:

      a..     Out of pocket expenses, including but not limited to the money paid towards the note securing the vehicle;

      b.     Loss of use;

      c.     Loss of the "benefit of the bargain";

d.      Diminished or reduced market value; and

e.      Costs of repairs.

### VIII.    Multiple and Punitive Damages

68.      The Defendants' conduct in violation of the Song-Beverly Consumer Warranty Act, Civil Code Section 1794, et seq, entitle Plaintiffs to an award for civil penalties and multiple damages.

69.      Plaintiffs have rightfully rejected or justifiably revoked acceptance of the goods and/or has exercised his right to cancel the sale pursuant to Sections 2711, 2712, and 2713 of the Commercial Code.

70.      Plaintiffs had previously accepted the goods, and, therefore, Sections 2714 and 2715 of the Commercial Code shall apply, and the measure of damages shall include the cost of repairs necessary to make the goods conform.

71.      The Defendants' failure to comply was willful and, therefore, the judgment should include, in addition to the amounts recovered, a civil penalty which shall not exceed two times the amount of actual damages.

### IX.    Request for Rescission

72.      Plaintiffs seeks the remedy of rescission of the sales contract which is requested in the following paragraph.

73.      Plaintiffs revokes their acceptance of the SIERRA for the reason that its defects substantially impair its value to Plaintiffs and acceptance was based on Plaintiffs' reasonable reliance on the false representations and warranties of Defendants that the defects in SIERRA would be repaired. Accordingly, Plaintiffs seeks a cancellation of the purchase transaction and an order of the

court restoring to them the money obtained by Defendants as a result of the false representations and breaches of warranty set forth above.  Plaintiffs also seeks cancellation of the debt and now offers to return the SIERRA to Defendants.

## X.   Attorney Fees and Costs

74.   Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.  As a proximate result of the misconduct of Defendants as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton.  Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

## XI.   Prayer

75.   For these reasons, Plaintiffs pray for judgment against the Defendants for the following:

a.   For general, special and actual damages according to proof at trial;

b.   Rescinding the sale of the 2021 FOREST RIVER SIERRA bearing VIN: 4X4FSEK21MJ050366 and returning to Plaintiffs the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

c.   For incidental and consequential damages according to proof at trial;

d.   Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges.

e.   Any diminution in value of the SIERRA, attributable to the defects;

f.   Past and future economic losses;

g.   Prejudgment and post-judgment interest;

h.   Damages for loss of use of vehicle;

i.   Civil Penalties and/or Punitive damages;

j.   Damages for mental anguish;

k.   Attorney fees;

l.   Costs of suit, expert fees and litigation expenses; and

m   All other relief this Honorable Court deems appropriate.

## XII.   Demand for Jury Trial

76.   Plaintiffs hereby demand a trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*

Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdalton.law
Tel. (337) 371-0375

ATTORNEY FOR PLAINTIFFS